17,912-05

I, Randall Wargo sent the original To Tarrant County but since the unit was locked down it went out after the enclosed order by the court was issued. Not Knowing if the clerk transmitted my opposition of State's dismissal request, Since There are still collatteral issues Please make sure the Crt Crim App. gets this instrument.

7 June 2015

Respectfully,

Randall G. Wargo

C-3-010453-0488808-B

Ex parte                              §    In the Criminal Dist.
                                      §    Court No 3 of
Randy George Wargo               §    Tarrant Co., Texas

Applicant Response To State's
Reply in Habeas Corpus Writ App.

To the Honorable Judge of said Court:

RECEIVED IN
COURT OF CRIMINAL APPEALS
JUN 11 2015
Abel Acosta, Clerk

Comes Now Randy George Wargo, Applicant,
hereinafter Petitioner, and responds:

I

Petitioner's Writ Application should not
be "Dismissed as Discharged as Petitioner
suffer collateral consequences still from an
involuntary, unsubstantiated, ill advised plea.

II

Petitioner has received a mandatory supervision
release date however, the eligibility is "discretionary".
Wherefore, pursuant to Govt. Code 508.149 (b), the
"parole panel" can make a "determination" that denies
Petitioner mandatory release when it make two
separate finding: (1) The inmates accrued good conduct
time is not an accurate reflection of the inmate's potential
for rehabilitation; [AND] and (2) the inmate's release
would endanger the public. Also, this determination is
not subject to administrative or judicial review. (d)

(1)

## III

Wherefore, since the "parole panel" must make the above mentioned factual findings and Petitioner has no violence in his record except the action and cause being herein fought; Petitioner still suffers from the damage collaterally from this action. And, though the agg. asslt. was 20+ years ago, and, as the Texas Rules of Evidence 609(b) stipulates: a conviction, of more than 10 yrs. has elapsed since the date of the conviction, or of the release from confinement imposed should be/ not admissable. And in Mireles v State, 413 S.W. 3d 98, 101 (Tex. App. - S.A. 2013) avers: Generally, "[r]emote convictions are inadmissable because ot a presumption of one is capable of rehabilitation and that his character has reformed over a period of law abiding conduct." Also, Morris v. State, 67 S.W. 3d 257, 263.

## IV

Wherefore, since Petitioner was out of prison more than 12 yrs. before a new conviction the parole panel should be barred from using said conviction; however, as I know the parole panel will use the agg. asslt., and that I can't appeal to the parole panel or the courts (albeit I am assured that the federal court will entertain a 28 USC § 2254, and also a 42 USC § 1483 for violation civil rights), the collateral damage of the agg. asslt conviction is obviously present.

(2)

# PRAYER

Wherefore, premises considered, and since, Petitioner is actually innocent of the Agg. Asslt., Petitioner prays the court disregard the State's argument and give Petitioner relief from the above name cause and conviction.

Executed 29 May 2015

*Randall G. Wargo*

Randall G. Wargo

Petitioner, Randall G. Wargo, hereby declare under penalty of perjury the above and foregoing to be both true and correct.

Executed 29 May 2015

*Randall G. Wargo*

## Certificate of Service

A true copy of the above has been mailed to the Crim. Dist. Atty. of Tarrant County, to Asst. Andrea Jacobs, 401 W. Belknap, Ft. Worth, Texas 76196-0201, this 1st June 2015.

*Randall G. Wargo*

(3)

FILED
THOMAS A WILDER, DIST. CLERK
TARRANT COUNTY. TEXAS

MAY 2 7 2015

TIME_____ 11:50am

BY_____ DEPUTY

C-3-010453-0488808-B

| | |
|---|---|
| **EX PARTE** | § IN THE CRIMINAL DISTRICT |
| | § |
| | § **COURT NO. 3 OF** |
| | § |
| **RANDY GEORGE WARGO** | § **TARRANT COUNTY, TEXAS** |

## ORDER

The evidence establishes that RANDY GEORGE WARGO ("Applicant") has discharged his sentence in this case. Applicant has failed to show that he is suffering any collateral consequences as a result of this conviction. Therefore, this Court recommends that Applicant's application be **DISMISSED AS DISCHARGED.** The Court further orders and directs:

1.     The Clerk of this Court to file these findings and transmit them along with the Writ Transcript to the Clerk of the Court of Criminal Appeals as required by law.

2.     The Clerk of this Court to furnish a copy of the Court's findings to Applicant, Mr. Randy George Wargo, TDCJ-ID# 1984859, Garza West Unit, 4250 Hwy 202, Beeville, Texas 78102, and to the post-conviction section of the Criminal District Attorney's Office.

SIGNED AND ENTERED this ___27th___ day of ___May___, 2015.

_____
JUDGE PRESIDING